**Neiger LLP**
317 Madison Avenue, 21st Floor
New York, New York 10017
Tel.:   212-267-7342
Fax:   212-918-3427
Edward E. Neiger, Esq.

*Proposed Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 11

SHOLOM EISNER and PESSI EISNER,           Case No. 11-46862 (JBR)


                      Debtors.
-----------------------------------------------------------x

### E.D.N.Y. LBR 1007-4 AFFIDAVIT OF SHOLOM EISNER AND PESSI EISNER IN SUPPORT OF CHAPTER 11 BANKRUPTCY PETITION

Sholom Eisner and Pessi Eisner (the "Debtors"), hereby declare and solemnly affirm, in accordance with the Local Bankruptcy Rule for the Eastern District of New York ("E.D.N.Y. LBR") 1007-4, as follows:

1. On August 9, 2011 (the "Petition Date"), we filed a voluntary joint petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York, case number 11-46862 (JBR).

### Nature Of The Debtors' Business and Events Leading to Chapter 11 Filing

2. Pessi Eisner is not currently employed. Pessi Eisner has a 50% interest in Eisner Brothers II Inc. which owns commercial real estate located at 75 Essex Street, New York, New York.

1

3. Sholom Eisner is not currently employed. Sholom Eisner has a 50% interest in Ludlow Tower Inc. which owns commercial real estate located at 55 Ludlow Street, New York, New York.

4. We filed our joint chapter 11 petition in order to reorganize our financial affairs. Our bankruptcy filing was precipitated, in part, by the entry of an order authorizing the sheriff's sale of our home located at 1427 58th Street, Brooklyn, New York 11219.

### Compliance With E.D.N.Y. LBR 1007-4

### E.D.N.Y. LBR 1007-4(a)(i)

5. The Debtors are not small business debtors within the meaning of section 101(51D) of the Bankruptcy Code.

### E.D.N.Y. LBR 1007-4(a)(ii)

6. A description of the Debtors' business and/or employment and circumstances leading to the chapter 11 filing is contained in paragraphs 2 through 4 hereof.

### E.D.N.Y. LBR 1007-4(a)(iii)

7. This case was not originally commenced as a chapter 7, chapter 12 or chapter 13 bankruptcy case, and no trustee or official committee has been appointed in this case.

### E.D.N.Y. LBR 1007-4(a)(iv)

8. No unofficial creditor or other committees were formed in connection with the Debtors' chapter 11 bankruptcy case prior to its commencement.

### E.D.N.Y. LBR 1007-4(a)(v)

1. A list containing the names, addresses and the amounts of the claims of the Debtors' twenty (20) largest known non-insider unsecured creditors has been filed on the Court's docket of this case, and designates which claims are disputed, contingent or unliquidated.

### E.D.N.Y. LBR 1007-4(a)(vi)

2. A list of the Debtors' secured creditor(s) was filed on the docket of this case in conjunction with Debtors' Schedules of Assets and Liabilities.

### E.D.N.Y. LBR 1007-4(a)(vii)

3. A summary of the Debtor's assets and liabilities was filed on the docket of this case in conjunction with Debtors' Schedules of Assets and Liabilities.

### E.D.N.Y. LBR 1007-4(a)(viii)

4. Not applicable.

### E.D.N.Y. LBR 1007-4(a)(ix)

5. A list of the Debtors' property in the possession of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent of the Debtors was filed on the docket in conjunction with the Debtors' Schedules of Assets and Liabilities.

### E.D.N.Y. LBR 1007-4(a)(x)

6. Not applicable.

### E.D.N.Y. LBR 1007-4(a)(xi)

7. A list of the Debtors' personal property, including business interests, was filed on the docket of this case in conjunction with Debtors' Schedules of Assets and Liabilities.

### E.D.N.Y. LBR 1007-4(a)(xii)

8. A list identifying each action (pending or threatened) against the Debtors or their properties where a judgment or a seizure of its property may be imminent was filed on the docket in conjunction with the Debtors' Statement of Financial Affairs.

### E.D.N.Y. LBR 1007-4(a)(xiii)

9. Not applicable

### E.D.N.Y. LBR 1007-4(a)(xiv)

10. Not applicable.

### E.D.N.Y. LBR 1007-4(a)(xv)

11. The Debtors' estimated cash receipts and disbursements for the 30 day period following the Petition Date are as follows:

| | |
|---|---|
| Beginning Balance as August 9, 2011: | $2,400 |
| Total Receipts: | $1,900 |
| Total Disbursements: | ($1,185) |
| Ending Balance as of September 9, 2011: | $3,115 |

### E.D.N.Y. LBR 1007-4(a)(xv)

12. To the extent possible, the Debtors will promptly provide such additional information as the Court may require to fully assess the Debtors' rehabilitation prospects.

We hereby declare and affirm that the foregoing statements made herein are true and correct to the best of our knowledge, information and belief. We am aware that we are subject to punishment should the foregoing statements made herein be willfully false.

Dated: August 23, 2011
New York, New York

_____
Sholom Eisner

_____
Pessi Eisner